and their ownership and contractual rights, participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false financial statements filed by the Company with the

SEC and disseminated to the investing public, the Individual Defendants had the power to influence and

control and did influence and control, directly or indirectly, the decision-making of the Company,

including the content and dissemination of the various statements which plaintiff contends are false and

misleading. The Individual Defendants were provided with or had unlimited access to copies of the

Company's reports, press releases, public filings and other statements alleged by plaintiff to be

misleading prior to and/or shortly after these statements were issued and had the ability to prevent the

issuance of the statements or cause the statements to be corrected.

53. In particular, each of these defendants had direct and supervisory involvement in the

day-to-day operations of the Company and, therefore, is presumed to have had the power to control or

influence the particular transactions giving rise to the securities violations as alleged herein, and

exercised the same.

54. As set forth above, Network Engines and the Individual Defendants each violated

Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of

their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of

the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other

members of the Class suffered damages in connection with their purchases of the Company's securities

during the Class Period.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

21

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:        February 3, 2004                    By his attorneys,

Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
**SHAPIRO HABER & URMY LLP**
75 State Street
Boston MA  02109
(617) 439-3939

22

**COHEN, MILSTEIN,
  HAUSFELD & TOLL PLLC**
Steven J. Toll
Daniel S. Sommers
Marka Peterson
1100 New York Ave. N.W.
West Tower, Suite 500
Washington, D.C. 20005

Attorneys for Plaintiff

23

# CERTIFICATION OF PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, __Kevin Deuha__, ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. I have reviewed the class action complaint asserting securities claims against Network Engines, Inc. (Nasdaq: NENG) and wish to join as a plaintiff, retaining Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as my counsel.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transactions in Network Engines, Inc. during the Class Period (November 6, 2003 through December 10, 2003) were as follows:

| DATE | TRANSACTION (buy/sell) | NO. OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 12-04-03 | Bought | 4000 | 10.97 |
| 12-11-03 | Sold | 4000 | 6.13 |

5. During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in the following actions under the federal securities laws except as follows:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing true and correct.

Executed this __26th__ Day of __January__, 2004.

_____
Signature

Certification Form.wpd

FEB 02 2004 16:22 FR COHEN MILSTEIN          TO 15718100019161674 P.03/03

Kevin Desha
**Name**

3916 Mount Vernon Dr.
**Address**
Bloomfield Hills, MI.
48301

Oakland
**County**

248-594-5711 Home
**Phone**

** TOTAL PAGE.03 **